[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Dory Signorile, has moved to vacate an arbitration award denying her resort to underinsured motorist benefits under an insurance policy issued by the defendant National Union Fire Insurance ("National"). She has moved to correct an arbitration award by the same arbitrators claiming that they have erred in their calculation of the underinsured motorist coverage due her under a policy issued by defendant Allstate Insurance Company ("Allstate"). Specifically, the plaintiff claims that the arbitrators misapplied the law when they reduced the recovery under the Allstate policy by both 1) the amount recovered from the tortfeasor and 2) the full amount of worker's compensation she received without reflecting the fact that some of her recovery from the tortfeasor's policy had been paid to the worker's compensation carrier.
The plaintiff asserts that the rulings of the arbitrators are based on a misapplication of the applicable statutes and that the arbitrators have thereby exceeded their powers such that the award as to National should be set aside pursuant to52-418(a)(4)C.G.S. and the award as to Allstate should be corrected pursuant to 52-419 C.G.S.
The defendants do not dispute that the applicable standard of review of the arbitration awards at issue is that identified in American Universal Insurance Company v. DelGreco, 205 Conn. 178,191 (1987), that is, de novo review of the interpretation and application of the law by the arbitrators.
The arbitrators' finding of facts indicates that the plaintiff sustained injuries in excess of $80,000.00 in an automobile accident in which the tortfeasor's liability coverage was $20,000.00. The tortfeasor paid the full $20,000.00 of coverage to the plaintiff, and the arbitrators found that after deduction of costs and an attorney's fee, this recovery was paid pursuant to 31-293 C.G.S. to a worker's CT Page 964 compensation carrier that had paid the plaintiff benefits in the amount of $35,083.64. The arbitrators found that the vehicle the plaintiff was operating had uninsured/underinsured motorist coverage in the amount of $20,000.00, supplied by defendant National, and that the plaintiff was further insured under the uninsured/underinsurance provision of a "family policy" issued by Allstate, with coverage in the total amount of $60,000.00.
The arbitrators found that the plaintiff was entitled to no benefits from the National policy and, as to the Allstate policy, only to those benefits remaining after reduction in the full amount of $35,083.64 in worker's compensation benefits plus the further reduction of the $20,000.00 received from the tortfeasor.
It is undisputed that the worker's compensation carrier was neither National nor Allstate.
I. The National Underinsured Motorist Coverage.
Section 38-175c(b)(2) C.G.S. defines an underinsured motor vehicle as "a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subdivision (1) of this section". [emphasis supplied]. The provision referred to requires that each motor vehicle policy provide uninsured motorist coverage in accordance with applicable regulations, with certain permitted exclusions.
In American Motorists Insurance Co. vs. Gould, 213 Conn. 625, at 630 (199), the Supreme Court stated:
 (w)e have declared that 38-175c(b)(2) "mandates that, in determining whether a motor vehicle is underinsured for purposes of 38-175c, the aggregate of the limits of all such bonds and policies on the tortfeasor's motor vehicle is compared against the amount of uninsured motorist coverage of the insured." [emphasis supplied].
The plaintiff contends that the amount of underinsured motorist coverage applicable to her was $80,000.00 — the $20,000 National coverage plus the $60,000 Allstate coverage, that is, that interpolicy stacking of underinsured coverage determines the amount against which the sum of the tortfeasor's liability coverages is compared. The Supreme Court's own CT Page 965 analysis of the coverage available in Gould resembles the approach advocated by the plaintiff herein.
The claimant in Gould was a passenger in a car involved in a one-car accident. As an occupant of the vehicle, the passenger was entitled to underinsured motorist benefits under the driver's policy as well as under her own liability policy. The Supreme Court compared the liability coverage of the driver's policy ($140,000) to the aggregate of the underinsured coverage under the driver's policy and the claimant's policy ($120,000) and concluded that the driver's vehicle was not "underinsured" pursuant to 38-175c(b)(2). Stacking of the underinsured coverages was not an issue in Gould, since the Court found that the liability limits deemed to be "available" to the claimant exceeded even the aggregated underinsured coverage.
The issue, then, is whether the tortfeasor's liability coverages are to be compared to the aggregate of underinsured coverages available, as the dicta in Gould suggests, or to the coverage in "the policy against which claim is made", as 38-175c(b)(2) states.
In Farm and City Insurance Co. vs. Stevens, 215 Conn. 157
(1990), the Supreme Court made clear that it had not actually meant in Gould to approve interpolicy stacking of underinsured coverages for the comparison of coverages required by 38-175c(b)(2). In Farm and City, as in Gould, the claimant invoked the underinsured coverages of both the tortfeasor's car, in which she had been a passenger, and other such coverage available to her. The court forsook its prior mention of aggregation of underinsured coverages and relied on "the statute's clear mandate to compare the applicable limits of the liability policy to the uninsured motorist policy `against which claim is made'" Farm and City Insurance Co. v. Stevens,215 Conn. at 160.
The Court in Farm and City noted that while multi-car uninsured coverages in the same policy may be "stacked" or aggregated for the comparison with the tortfeasor's liability coverages, the actual language of 38-175c(b)(2) does not authorize an approach that recognizes interpolicy stacking for purposes of determining whether the tortfeasor's vehicle is underinsured.
Accordingly, the arbitrators have correctly applied the law and the motion to vacate their ruling as to National is hereby denied.
2. Motion to Correct Award as to Allstate. CT Page 966
Allstate furnished uninsured/underinsured coverage in the amount of $20,000.00 as to each of three vehicles under a policy providing coverage to the plaintiff. The Allstate policy includes the following provision:
 The limits of this coverage will be reduced by 1) All amounts paid by the owner or operator of the uninsured auto or anyone else responsible. This includes all sums paid under the bodily injury liability coverage of this or any other auto policy.
 2) All amounts paid or payable under any workers compensation law, disability benefits law, or similar law
The plaintiff contends that where the amounts paid by the tortfeasor are paid to the worker's compensation carrier to satisfy the statutory lien created by 31 — 293 C.G.S., the insurer is not entitled to reduce its coverage by the gross amount paid by the worker's compensation carrier but only by the net amount after the claimant has made partial reimbursement.
The plaintiff contends that the double deduction is unjust and inequitable. She does not, however, identify any statute or regulation which invalidates the terms of the insurance contract set forth above or which requires the offset she seeks.
Section 38-175a-6 of the Regulations of Connecticut State Agencies provides in relevant part that the limits of uninsured/underinsured motorist benefits may be reduced "to the extent that damages have been 1) paid by or on behalf of any person responsible for the injury, [and] 2) paid or are payable under any worker's compensation or disability benefits law. . ."
Reduction of the amount of uninsured motorist coverage in conformity to 38-175a-6 was upheld by the Supreme Court in Wilson v. Security Insurance Co., 213 Conn. 532, 538 (1990) in spite of the insured's contention, similar to the contention made here, that such reductions unfairly reduce the amount of coverage available to compensate the injured insured for the various elements of the injury.
The Supreme Court has clearly indicated its view that the scope of uninsured/underinsured motorist benefits is a creation of the precise words of the statutory scheme rather than a matter of equitable achievement of any particular overall level CT Page 967 of compensation. In the face of such an approach, the plaintiff's challenge to the arbitrator's award as to Allstate must fail.
The motions to vacate and to correct the arbitrators' awards are denied.
HODGSON, JUDGE